UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:25-CR-98-TAV-DCP |
| ) | |
| TRAVIS D. MITCHELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Travis D. Mitchell's Motion to Continue Plea Deadline and Trial Date [Doc. 15], filed on October 15, 2025.

Defendant requests the Court to continue the plea deadline, set for October 6, 2025, and the trial date, set for November 4, 2025 [*Id.* ¶ 1]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case [*Id.* ¶ 1]. Despite due diligence, however, Defendant's counsel needs additional time to discuss a potential resolution with Defendant and to finalize a plea agreement in this case [*Id.*]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The Government does not oppose the request for a continuance [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. §

3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to discuss a potential resolution to the case, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the November 4, 2025 trial date.

The Court therefore **GRANTS** Defendant Travis D. Mitchell's Motion to Continue Plea Deadline and Trial Date [**Doc. 15**]. The trial of this case is reset to **December 16, 2025**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Travis D. Mitchell's Motion to Continue Plea Deadline and Trial Date [**Doc. 15**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 16, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 15, 2025**, and the new trial date of **December 16, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record is reopened and extended to **October 17, 2025**;[1]

(5) the deadline for filing motions *in limine* is **December 1, 2025**. Responses to motions *in limine* are due on or before **December 9, 2025**;

---

[1] A plea agreement was filed on October 17, 2025 [Docs. 16 & 17]—after the expiration of the plea deadline.

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 2, 2025, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 5, 2025.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge