UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>TRAVIS DEWAYNE MITCHELL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CR-98-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Referral Orders [Docs. 38, 42] for disposition or recommendation as appropriate. This case is before the Court on Defendant Travis Dewayne Mitchell's Motion to Continue Plea Deadline [Doc. 36], which was filed on July 27, 2026, and Motion to Continue Trial and All Related Deadlines [Doc. 41], which was filed on August 14, 2026.

Defendant Mitchell's Motion to Continue Plea Deadline was filed on his behalf by Defendant's former counsel and seeks additional time to discuss a potential resolution with Defendant [Doc. 36 ¶ 1].[1] Because Defendant filed a motion to continue all deadlines, the Court finds his motion to continue plea deadline moot and therefore **DENIES** that motion [**Doc. 36**].

Defendant Mitchell's Motion to Continue Trial and All Related Deadlines asks the Court to continue the trial, which is currently set for August 25, 2026, and all related deadlines in his case [*Id.*]. In support, Defendant states counsel was appointed as substitute counsel to represent Defendant on August 7, 2026, and he is currently reviewing the file and discovery after the District Court determined the plea agreement to be unacceptable [*Id.*]. Defendant requests the continuance

[1] Defendant subsequently obtained new counsel while this motion remained pending [Doc. 40].

to allow counsel more time to discuss the case with the Government [*Id.*]. Defendant acknowledges his understanding of his speed trial rights for the purposes of his request [*Id.*]. Counsel for the Government confirmed via email to Chambers that it does not oppose the requested continuance.

Based upon the information in Defendant Mitchell's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review the file and discovery and to engage in discussions with the Government. The Court finds that this cannot occur before the August 25, 2026, trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and all Related Deadlines [**Doc. 41**]. The trial date is reset to **October 13, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 14, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Plea Deadline [**Doc. 36**] is **DENIED AS MOOT**;

(2) Defendant's Motion to Continue Trial and Related Deadlines [**Doc. 41**] is **GRANTED**;

(3) the trial date is reset to commence on **October 13, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) all time between the filing of the motion on **August 14, 2026**, and the new trial date of **October 13, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 14, 2026**;

(6) the deadline for filing motions *in limine* is **September 28, 2026**, and responses to motions *in limine* are due on or before **October 5, 2026**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 2, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin

Debra C. Poplin
United States Magistrate Judge